**Ruth Elzey LANKFORD, Petitioner,**

v.

**LAW ENFORCEMENT ASSISTANCE ADMINISTRATION, and William F. Powers, and Griffin B. Bell, and Winifred A. Dunton, and Henry S. Dogin, Respondents.**

**No. 79–1158.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1980.

Decided April 14, 1980.

Terry Paul Meyers, Baltimore, Md. (Amos I. Meyers, Baltimore, Md., on brief), for petitioner.

Burton D. Fretz, Dept. of Justice, Civil Division, Appellate Staff, Washington, D.C., David I. Tevelin, Law Enforcement Assistance Administration, Washington, D.C., Stuart E. Schiffer, Acting Asst. Atty. Gen., William Kanter, Dept. of Justice, Civil Division, Appellate Staff, Washington, D.C., on brief), for respondents.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and FIELD, Senior Circuit Judge.

HAYNSWORTH, Chief Judge:

Claimant petitions for review of the administrative denial of benefits under the

Public Safety Officers' Benefits Act (Act), 42 U.S.C. § 3796 *et seq.* We conclude that this court is without jurisdiction, and, accordingly, dismiss the petition.

The Act was passed in 1976 as an amendment to the Omnibus Crime Control and Safe Streets Act of 1968. It provides for payment of a $50,000 benefit to designated survivors of a peace officer who dies as the proximate result of a personal injury sustained in the line of duty. Claimant is the widow of a deputy sheriff who died while attempting to break up an altercation at a carnival. She seeks review of the final administrative denial of her claim, contending that the denial is not supported by substantial evidence and that procedures followed by the Law Enforcement Assistance Administration (LEAA) worked a denial of due process.

The Act makes no express provision for judicial review by this Court. Claimant relies upon 42 U.S.C. § 3759(a), which is part of the Omnibus Crime Control and Safe Streets Act. It provides that an unsuccessful "applicant or grantee" may petition the Court of Appeals for review. Claimant emphasizes the fact that § 3759(a) provides for such review of applications "submitted under this chapter." Because the Act is within the same chapter as § 3759(a), claimant asserts that this court has jurisdiction over her petition.

The legislative history is silent as to whether § 3759(a) was intended to provide for review of administrative denials under the Act. Resort to the statutory language itself, however, makes it amply clear to us that Congress did not intend that.

Section 3759(a) provides that an "applicant or grantee" dissatisfied with the administrative decision regarding "its application or plan submitted under this chapter" may seek review. The terminology is the same as that used in the Omnibus Crime Control and Safe Streets Act, which speaks

in terms of "applicants" or "grantees" who submit "applications" or "plans" for programs seeking to improve the administration of criminal justice and law enforcement.

█ In contrast, the Benefits Act directs the payment of a monetary "benefit" to "claimants." We presume that this clear use of different terminology within a body of legislation is evidence of an intentional differentiation. *See United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972). Accordingly, we conclude that the provision for judicial review contained in § 3759(a) is inapplicable to the Benefits Act. Thus, while § 3759(a) is chapterwide in scope, it provides only for review of denials of "applications" or "plans" submitted by "applicants" or "grantees."[1] The Act involves none of these.

Further, it is clear that the provision that a section is to have chapterwide application does not automatically render it applicable to the Act. Section 3751, part of the same subchapter as § 3759, gives the LEAA general rulemaking power. It also purports to apply chapterwide. Nonetheless, § 3796c, part of the Act, grants the agency such rulemaking power "as may be necessary to carry out the purposes of this subchapter." Thus, while the Act amends the Omnibus Crime Control and Safe Streets Act, Congress apparently considered it a separate provision, to which administrative provisions of the earlier legislation did not necessarily apply. The fact that Congress neglected to provide specifically for review in this court, coupled with the difference in terminology employed, leads us to the conclusion that this court is without jurisdiction.

Our decision is bolstered further by a very recent amendment to the Omnibus Crime Control and Safe Streets Act. Passed shortly before oral argument to this

---

1. Section 3759(a) places venue in the Court of Appeals for the circuit in which the applicant or grantee "is located." While this language is fitting for the institutional entities which normally apply under the Omnibus Crime Control and Safe Streets Act, it is inappropriate as a reference to the individuals who will seek benefits under the Act. The fact that Congress did not change the language of the venue provision when it adopted the Act reinforces our opinion that § 3759(a) does not apply to the Act.

court in this case, the amendment deletes the reference to chapterwide scope earlier contained in § 3759(a), and specifies that applicants under certain sections are entitled to judicial review. Act of December 27, 1979, Pub.L.No. 96–157 (to be codified in 42 U.S.C. § 3785). Because these sections do not include the Act, it is clear that claimant would have no right to review in this court under the amended legislation. We are of the opinion that the amendment made clear beyond cavil what we had determined to be the meaning of the statutes as they stood when this petition was filed.

We hold that the provision for judicial review contained in § 3759(a) does not apply to decisions under the Public Safety Officers' Benefits Act. Accordingly, this court is without jurisdiction to entertain this petition.

*PETITION DISMISSED.*