**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**John Robert HALL, Defendant–Appellee.**

No. 91–5362.

United States Court of Appeals,
Fourth Circuit.

Argued June 3, 1992.

Decided July 24, 1992.

As Amended Aug. 12, 1992.

---

Thomas Ernest Booth, U.S. Dept. of Justice, Washington, D.C. (Robert H. Edmunds, Jr., U.S. Atty., Michael F. Joseph, Asst. U.S. Atty., Greensboro, N.C., on brief), for plaintiff-appellant.

Cynthia Sax Bland, Holmes & McLaurin, Pittsboro, N.C. (R. Edward McLaurin, Jr., Holmes & McLaurin, Pittsboro, N.C., on brief), for defendant-appellee.

Before PHILLIPS, SPROUSE, and WILKINSON, Circuit Judges.

## OPINION

PHILLIPS, Circuit Judge:

In this appeal, we are called upon to interpret the statutory definition of "short-barreled shotgun," found at 18 U.S.C. 921(a)(6), to determine whether Hall, convicted of a drug trafficking offense and of using a firearm in the commission of that offense, should have his sentence enhanced for using a short-barreled shotgun. The district court concluded that the statutory definition of short-barreled shotgun was ambiguous, and, applying the rule of lenity, declined to impose on Hall a mandatory ten year sentence. Because we find that the definition of short-barreled shotgun is unambiguous on its face, and that Hall's weapon clearly falls within that definition, we vacate and remand for imposition of the ten year sentence.

## I

In February of 1991, Hall was arrested for purchasing five pounds of marijuana from a confidential informant in Chatham County, North Carolina. After paying the informant, Hall loaded the marijuana into his truck and drove away from the scene. Moments later law enforcement agents who had been monitoring the drug transaction stopped Hall's truck and arrested him. In addition to the five pounds of marijuana, the agents seized a loaded shotgun from the passenger side of Hall's truck. According to testimony by the agents, Hall was reaching toward the passenger side of his truck when he was arrested.

During interrogation Hall admitted that the firearm, a Harrington and Richardson Model 158, 20 gauge shotgun, belonged to him. He also admitted that he had sawed off portions of the shotgun's barrel and stock, giving it a barrel length of eighteen and one quarter inches and an overall length of twenty-four and five-eighths inches.

Following a jury trial, Hall was convicted of possession with intent to distribute marijuana, in violation of 21 U.S.C. 841(a)(1), and carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1).

The firearm statute provides in pertinent part that:

> Whoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall ... be sentenced to imprisonment for five years, and if the firearm is a ... short-barreled shotgun, to imprisonment for ten years.

18 U.S.C. 924(c)(1). "Short-barreled shotgun" is defined in turn as:

> a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification or otherwise) if such weapon as modified has an overall length of less than twenty-six inches.

18 U.S.C. § 921(a)(6).

Hall contended at sentencing that his weapon was not a short-barreled shotgun. He argued that under the above-quoted definition, only a shotgun with a barrel length of less than eighteen inches *and* an overall length of less than twenty-six inches qualified as a short-barreled shotgun. Since his shotgun had a barrel length of more than eighteen inches, his weapon did not satisfy one of the two requisite criteria, and thus did not fall within the definition.

The government contended to the contrary that 18 U.S.C. § 921(a)(6) proscribes two separate sub-categories of modified shotguns: (1) shotguns with barrels of less than eighteen inches in length, and (2) other weapons made from shotguns with an overall length of less than twenty-six inches. Under this interpretation, any weapon that falls into either category will give rise to a ten year sentence. Here, the government argued, although the barrel of Hall's shotgun was of legal length, its overall length as modified was less than twenty-six inches, and thus qualified as a short-barreled shotgun within the meaning of the statute.

Finding that the statutory definition of short-barreled shotgun was ambiguous as applied to weapons such as Hall's (with a barrel length of more than eighteen inches but an overall length of less than twenty-six inches), the district court applied the rule of lenity and declined to sentence Hall to ten years on the weapons count. The court sentenced Hall to five years on the weapons count, fifteen months on the drug trafficking count, to be served consecutively, and five years of supervised release.

The government now appeals the district court's sentencing of Hall on the weapons count, arguing that the weapon seized clearly falls within the statutory definition of short-barreled shotgun, and that Hall should receive the mandatory ten year sentence.

## II

■ The proper interpretation of 18 U.S.C. § 921(a)(6), including the question of whether the provision is ambiguous, presents a purely legal issue calling for *de novo* review. *See United States v. Cassidy*, 899 F.2d 543, 545 (6th Cir.1990).

■ Under the rule of lenity any criminal statute, including a sentencing provision, must be construed in favor of the accused and against the government if it is ambiguous. *See Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). This means that courts "will not interpret a federal criminal statute so as to increase the penalty that it

places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Id.* However, "a court may not manufacture an ambiguity in order to defeat Congress's intent." *Goldberg v. B. Green and Co.*, 836 F.2d 845 (4th Cir.1988). The rule of lenity:

> is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of the Act ... such that even after a court has seized everything from which aid can be derived it is still left with an ambiguous statute.

*Chapman v. United States*, —— U.S. ——, ——, 111 S.Ct. 1919, 1926–27, 114 L.Ed.2d 524 (1991). Thus, if a court can divine the meaning of a sentencing provision by examining its language and structure, it should not invoke the rule of lenity.

■ Contrary to the finding of the district court, we conclude that an examination of the language and structure of 18 U.S.C. § 921(a)(6) clearly reveals its intended import. The provision states that a short-barreled shotgun "means a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches." Hall argues that because the definition is written in the conjunctive, (that is, because the two clauses are joined with "and"), both conditions must be satisfied before a weapon qualifies under the provision. In other words, only a shotgun with a barrel length of less than 18 inches and an overall length of less than 26 inches falls within the statute. This interpretation, however, is contrary to the plain meaning of the statute.

In drafting the statute Congress used two distinct subjects in its definition of short-barreled shotgun: "shotgun" on the one hand, and "any weapon made from a shotgun" on the other. Each subject is modified and further refined by its own descriptive clause. The first subject to be proscribed, "shotgun," is further refined by the modifying phrase "having one or

more barrels less than eighteen inches in length." That is, a shotgun falls within the definition if its barrel is less than eighteen inches long. The second subject, "any weapon made from a shotgun (whether by alteration, modification, or otherwise)," is modified by the descriptive phrase "overall length of less than twenty-six inches." Therefore, the statute also proscribes the use of any weapon made from a shotgun that has an overall length of less than twenty-six inches. Because Congress used two distinct subjects, each with its own modifying clause, the most natural reading of the provision is that Congress intended to punish the use of two distinct types of firearm. *See Lankford v. Law Enforcement Assistance Administration*, 620 F.2d 35, 36 (4th Cir.1980) (use of two distinct terms within a statute is evidence of intentional differentiation by Congress).

If, as Hall claims, Congress intended to punish the use of only one, narrow subset of modified shotguns—those with a barrel length of less than eighteen inches *and* an overall length of less than twenty-six inches—Congress would have had absolutely no reason to insert into the provision the second subject category. Congress simply could have declared that: "short barreled shotgun means a shotgun having one or more barrels less than eighteen inches in length and an overall length of less than twenty-six inches." Because Congress chose not to structure the statute in this way, it is evident on the face of the statute that it is intended to proscribe the use of both shotguns with a barrel length of less than eighteen inches and other weapons made from shotguns with an overall length of less than twenty-six inches.

Although we think that the definition of short-barreled shotgun is clear from the plain language and structure of 18 U.S.C. § 921(a)(6), we note also that a common sense view of the statute supports our interpretation. Criminals' use of short-barreled or "sawed-off" shotguns is particularly dangerous, and thus worthy of enhanced punishment, for two reasons: because shot scatters more widely from a short barrel, thus killing indiscriminately, and because a shortened shotgun is easier to conceal and wield. It is therefore natural that Congress would draft a law to address both concerns. Congress addressed its concern over the indiscriminate violence of sawed-off shotguns by punishing the use of any shotgun with a barrel of less than eighteen inches, regardless of the gun's overall length. This portion of the statute recognizes that because shortened barrels scatter shot indiscriminately they are especially dangerous, even if difficult to conceal.

But Congress was also concerned about criminals' ability to conceal weapons, thus it also included in the statute punishment for the use of any shotgun altered in order to facilitate concealment. The second clause of the statute (focusing on overall length) acts to punish the use of a weapon, such as that used by Hall, where the barrel was of legal length, but where the gun was altered in some other way to decrease its size and make it easier to conceal.*

Thus, our interpretation of the definition of short-barreled shotgun, drawn only from an examination of the language and structure of the provision, is supported by a common sense evaluation of the aims sought to be accomplished by Congress.

### III

We find that 18 U.S.C. § 921(a)(6) unambiguously includes within its definition of "short-barreled shotgun" two sub-categories of weapon: (1) a shotgun with a barrel of less than eighteen inches in length, and (2) any weapon made from a shotgun that has an overall length of less than twenty-six inches. Because Hall's weapon was made from a shotgun and had an overall length of less than twenty-six inches, his weapon fell within the statutory definition of short-barreled shotgun. We vacate the ruling of the district court and remand the

---

* The government offered extensive legislative history to support its interpretation of 18 U.S.C. § 921(a)(6). Since we find that the meaning of the provision is revealed by its plain language and its structure, we decline to delve into its legislative history.

case with instructions that the proper sentence be imposed.

VACATED AND REMANDED.