**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4133

JOHN S. HOLTZCLAW,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4134

JOYCE MORFEY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4135

JOYCE MORFEY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4136

JOHN S. HOLTZCLAW,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                        No. 97-4166

DONALD L. ESTES,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                        No. 97-4167

JERRY L. HORN,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-96-27, CR-96-22)

Argued: October 3, 1997

Decided: November 26, 1997

Before RUSSELL and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and vacated in part by unpublished per curiam opin-
ion.

_____

**COUNSEL**

**ARGUED:** Robert Clarke VanDervort, PAYNE, LOEB & RAY,
Charleston, West Virginia; David Austin Tapp, Somerset, Kentucky,

2

for Appellants. Philip Henry Wright, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Edward H. Weis, First Assistant Federal Public Defender, Charleston, West Virginia, for Appellant Estes; Gregory J. Campbell, CAMPBELL & TURKELY, Charleston, West Virginia, for Appellant Horn. Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In February 1991, John Holtzclaw, Donald Estes, Joyce Morfey, and Jerry Horn ("the Appellants") traveled to Matewan, West Virginia and convinced the First Assembly of God ("the Church") to invest $198,000 in a "pyramid scheme."**1**  The Church lost its money and a criminal investigation resulted in two indictments. The jury convicted each Appellant of securities fraud in violation of 15 U.S.C. §§ 78j(b) & 78(ff), and 17 C.F.R. § 240.10b-5; conspiracy to transport in interstate commerce securities and money taken by fraud in violation of 18 U.S.C. § 371; and interstate transportation of money taken by fraud in violation of 18 U.S.C. § 2314. The jury convicted Holtzclaw of two additional counts under 18 U.S.C. § 2314,**2** three counts of money laundering in violation of 18 U.S.C. § 1957, and three counts of perjury before the grand jury in violation of 18 U.S.C. § 1623. Morfey was also convicted of perjury before the grand jury.

_____

**1** The details of the scheme are set forth in United States v. Holtzclaw, 950 F. Supp. 1306, 1308-12 (S.D. W.Va. 1997).
**2** Holtzclaw was convicted of additionally defrauding two church members, Gerald Epling and Brenda Justice, of $38,000 and $10,000 respectively.

3

After trial, each Appellant filed motions for judgment of acquittal and/or for a new trial. In <u>United States v. Holtzclaw</u>, 950 F. Supp. 1306 (S.D. W.Va. 1997), the district court granted their motions for judgment of acquittal on the securities fraud count. The district court contemporaneously granted Holtzclaw's motion for a new trial on two of the perjury counts. All other post-trial motions were denied. Holtzclaw, Estes, Morfey, and Horn appeal their convictions on various grounds. We affirm in part and vacate in part.

I.

A.

The Appellants assert that the district court erred in denying their motions for judgments of acquittal for their convictions under U.S.C. §§ 371 and 2314 because the evidence at trial was insufficient to prove they engaged in a scheme to defraud the Church. We must uphold the jury verdict if, taking the view most favorable to the government, there is substantial evidence to support the findings of guilt.[3] The relevant question is whether any rational trier of fact could have found the defendants guilty beyond a reasonable doubt.[4]

We believe the government presented sufficient evidence against the Appellants to sustain their convictions. Evidence was presented that through a series of phone calls, Holtzclaw, Estes, and Horn misrepresented the pyramid scheme as an "investment," when in fact, the scheme required active selling by the participants. Horn went as far as comparing the safety of the investment to the value of gold coins. Additionally, each Appellant remained silent while the Church was told the investment was risk-free. A review of the record thus demonstrates that there was substantial evidence from which a rational juror could have found the Appellants guilty beyond a reasonable doubt of violating 18 U.S.C. §§ 371 and 2314.

_____

**3** <u>**See United States v. Jackson**</u>, 863 F.2d 1168, 1173 (4th Cir. 1989).

**4** <u>**See id.**</u>

B.

Holtzclaw additionally contends that the evidence was insufficient to prove he defrauded two church members, Gerald Epling and Brenda Justice, in violation of 18 U.S.C. § 2314. Based on the district court's reasoning, we hold this argument meritless.

II.

The Appellants challenge the district court's refusal to instruct the jury that justifiable reliance was an element of fraud under 18 U.S.C. § 2314. We review the district court's refusal to give a jury instruction for abuse of discretion.**5** A district court's refusal to give a requested instruction constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. **6**

Section 2314 punishes those who "having devised or intend[ed] to devise any scheme or artifice to defraud . . . transports or causes to be transported . . . in the execution . . . of a scheme . . . money or property having a value of $5000 or more."**7** While reliance may be an essential element of common law fraud, it is not an essential element under § 2314.**8** The only issue is whether there is a scheme or artifice intended to defraud. Accordingly, we find the district court did not abuse its discretion in refusing to give a jury instruction on justifiable reliance.

---

**5** **See United States v. Russell**, 971 F.2d 1098, 1107 (4th Cir. 1992).
**6** **See United States v. Lewis**, 53 F.3d 29, 32 (4th Cir. 1995) (citations omitted).
**7** 18 U.S.C. § 2314 (1994).
**8** **See also Chisholm v. Transouth Fin. Corp.**, 95 F.3d 331, 336 (4th Cir. 1996) (stating that "[a]lthough the crime of common law fraud requires the intended victim to have justifiably and detrimentally relied on the defendant's misrepresentation, no such `reliance' element must be proved to obtain a conviction for mail fraud"); United States v. Bonnette, 663 F.2d 495, 498 (4th Cir. 1981) (holding that reliance is not an essential element of bank fraud under 18 U.S.C. § 1014).

III.

Holtzclaw contends the district court improperly concluded that his three money laundering charges were not multiplicitous. A legal determination whether charges in an indictment are multiplicitous is reviewed de novo.**9**

The money laundering statute at issue, 18 U.S.C.§ 1957, provides in pertinent part:

> (a) [w]hoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity shall be punished . . . .

> (f)(1) the term "monetary transaction" means the deposit, withdrawal, transfer or exchange . . . of funds or a monetary instrument . . . by, through, or to a financial institution . . . .

Holtzclaw contends the three money laundering counts under which he was convicted were multiplicitous because they were based upon transfers of the same criminally derived property. We disagree.

Multiplicity is the charging of a single offense in several counts, and may create the danger of multiple sentences for the same offense.**10** However, multiplicity does not exist when, as here, each charge involves proof of a fact the others did not require. **11** The three money laundering counts in this case involved separate, discrete monetary transactions. One involved the withdrawal of a check, another involved the deposit of a different check, and the third involved a separate withdrawal three days after the previous transactions. Accordingly, we find no error in the district court's determination.

_____

**9** **See United States v. Hall**, 972 F.2d 67, 69 (4th Cir. 1992) (noting that interpretation of a statute is a purely legal question calling for de novo review).
**10** **See United States v. Burns**, 990 F.2d 1426, 1438 (4th Cir. 1993).

**11** **See Blockburger v. United States**, 284 U.S. 299, 304 (1932).

6

IV.

The district court ordered Holtzclaw and Estes to pay restitution for fraud they committed against David Eads. Evidence concerning this fraud was admitted under Fed. R. Evid. 404(b) to show intent, lack of mistake, etc., and not as evidence of the "pyramid scheme" against the Church. The fraud against Eads was independent of the "pyramid scheme" and was not alleged in the indictments. The government acknowledges that it erred in seeking this restitution, and therefore, we vacate this portion of the district court's order.

V.

Having carefully reviewed the records, briefs, and contentions of the parties at oral argument, we can find no further error in the district court opinion. We therefore affirm the remaining decisions of the district court on the opinion of that court.

AFFIRMED IN PART, VACATED IN PART

7