UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FELISHA NAILS,
<u>Plaintiff-Appellant,</u>

and

MARY A. WHITE, As personal
representative of the estate of
Arnetha White,
<u>Plaintiff,</u>

v.

COMMUNITY REALTY COMPANY,

No. 97-1716

<u>Defendant-Appellee,</u>

and

KENNETH J. LUCHS, General Partner;
JULIAN R. KOSSOW; FOSTER SHANNON;
DAVID R. WILSON, General Partners;
EAST LAKE LIMITED PARTNERSHIP;
LENNARD METRO MD-I LIMITED
PARTNERSHIP,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CA-94-2978-AMD)

Submitted: November 10, 1998

Decided: December 17, 1998

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cheryl Lynne Howard, Greenbelt, Maryland; W. Eric Cloud, THE
CLOUD LAW FIRM, Washington, D.C., for Appellant. Patricia M.
Thornton, MCCARTHY, BACON & COSTELLO, L.L.P., Lanham,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

At approximately 3 a.m. on Thursday, March 25, 1994, tenant
Mary A. White and her friend Felisha Nails returned to the Lake
Arbor Towers Apartments parking lot. As they neared the front
entrance of the building, a man walked out of the entrance with a gun,
demanded money, forced the women to return to their car, and locked
Nails in the trunk. Thereafter, the assailant shot White four times, kill-
ing her. At approximately 6 a.m., Ms. White's fiance discovered Nails
in the trunk and found White's body in a wooded area near the park-
ing lot. White and Nails sued the Community Realty Company, Inc.
("Community Realty")[1] and related defendants on several grounds.
Nails appeals the district court's order granting summary judgment to
Community Realty on her negligence claim, finding that the limited
criminal activity which had occurred at Lake Arbor Towers prior to
the incident was insufficient as a matter of law to establish a duty to
protect invitees from criminal activity. For the reasons that follow, we
affirm.

_____

[1] Community Realty managed and operated the property.

2

In Maryland, the basic elements necessary for a negligence cause of action are a duty or obligation which the defendant is under to protect plaintiff from injury, a failure to discharge that duty, and actual loss or injury to the plaintiff proximately resulting from that failure. See Scott v. Watson, 359 A.2d 548, 552 (Md. 1976).**2** There is no special duty imposed upon the landlord to protect his tenants against crimes perpetrated by third parties on the landlord's premises. See id. Rather, a landlord who has set aside areas for the use of his tenants in common owes them the duty of reasonable and ordinary care to keep the premises safe. The landlord is not an insurer of tenants and is only obliged to use reasonable diligence and ordinary care to keep common areas in reasonably safe condition. See id. The landlord's duty to exercise reasonable care for the safety of the tenants, in common areas under his control, is sufficiently flexible to be applied to cases involving criminal activity. Therefore, if the landlord knows, or should know, of criminal activity against persons or property in the common areas, he then has a duty to take reasonable measures, in view of the existing circumstances, to eliminate the conditions contributing to the criminal activity. This duty arises primarily from criminal activities existing on the landlord's premises--not from knowledge of general criminal activities in the neighborhood. See id. at 554; see also Brown v. Baltimore & Ohio R.R. , 805 F.2d 1133, 1139 (4th Cir. 1986).

The district court held a hearing on the parties' cross-motions for summary judgment. Although plaintiffs were afforded almost two years of discovery, the only relevant criminal activity found by the district court was that another person, Sandra Scottland, had her purse snatched at knife point four months prior to the incident at issue.**3** The hearing also revealed that Lake Arbor Towers regularly provided a

_____

**2** <u>Scott</u> was referred to the Court of Appeals of Maryland for the certification of several state law questions by the District Court for the District of Maryland.
**3** Ms. Scottland was not physically harmed during the robbery and did not file a police report. She did recall speaking to an unidentified person at the apartment complex, but only for the purpose of recovering the contents of her purse. We decline Nails' invitation to consider evidence of other crimes not properly before the district court. See Fed. R. Civ. P. 56(e); Ruffin v. Shaw Indus. Inc., 149 F.3d 294, 300 (4th Cir. 1998).

3

security guard from approximately 6 p.m. to midnight and that a security card was needed to gain access to the entrance of the building. Nails' theory of the case was that, if a security guard had been on duty at the time, the assault and murder would have been prevented. Relying on Scott the district court found this sole instance of violent criminal conduct insufficient, as a matter of law, to create a duty for Lake Arbor Towers to provide all night security, as urged by Nails. See 359 A.2d at 552-54.

Under Maryland law whether a landlord has a duty to protect tenants is a legal question, see Scott, 359 A.2d at 553-54, which we review de novo. See generally United States v. Hall, 972 F.2d 67, 69 (4th Cir. 1992). In Scott the court found a duty to protect tenants from criminal activity because the complex had suffered five or six illegal entries into apartments, two more apartments were burglarized, a car was stolen from the garage, and there was a robbery and rape in a ground level store. See Scott, 359 A.2d at 554. These incidents were fairly described as "increasing criminal activity on the premises." Id. at 552. Like the district court, we have found no relevant case law (and have been provided none by Nails) to support Nails' contention that a solitary robbery, not involving a gun and not involving actual harm to the victim, puts a landlord on notice of increasing criminal activity on the premises sufficient to give rise to a legal duty to protect against armed robbers on the premises. Accordingly, we affirm the district court's order granting summary judgment to Community Realty and dismissing the action. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4