# United States Court of Appeals
## For the First Circuit

No. 00-1666

UNITED STATES OF AMERICA,

Appellee,

v.

TAD MICHAUD,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Boudin, Circuit Judge,

Bownes, Senior Circuit Judge,

and Lynch, Circuit Judge.

F. Mark Terison, Senior Litigation Counsel, and Jay P. McCloskey, United States Attorney, on brief, for appellee.

James S. Hewes on brief for appellant.

March 22, 2001

**BOWNES, <u>Senior Circuit Judge</u>.** Defendant-appellant Tad Michaud pleaded guilty to five criminal counts arising from his robbery of a convenience store. Because he used a short-barreled shotgun during the crime, he was sentenced to the statutory minimum of ten years' imprisonment. 18 U.S.C. §§ 921(a)(6), 924(c)(1). Michaud appeals from his sentence on the ground that the weapon did not meet the measurement requirements contained in section 921(a)(6). We affirm.

## I. BACKGROUND

On the evening of July 21, 1999, Michaud entered an Exxon convenience store in Westbrook, Maine, carrying a sawed-off shotgun. He pointed the shotgun at the store's attendant and the attendant's son, ordering them into a back room where a safe was located. The attendant and his son resisted Michaud and took the weapon away from him. They used the shotgun to hold Michaud until the police arrived and arrested him.

On August 19, 1999, a federal grand jury returned a five-count indictment against Michaud. He was charged with obstructing commerce by attempting robbery in violation of 18 U.S.C. § 1951(a) (Count One); using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two); possessing shotguns and a rifle as a convicted felon in violation of 18 U.S.C. § 922(g) (Counts Three and

Four); and possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) (Count Five).[1]  Michaud pleaded guilty to all counts of the indictment.

At the sentencing hearing, Michaud contended that the weapon he used during the robbery did not meet the statutory requirements for a ten-year minimum sentence for using a short-barreled shotgun, 18 U.S.C. § 921(a)(6).  He also sought a downward departure for "aberrant behavior."  See 18 U.S.C. § 3553(b);  U.S.S.G. § 5K2.0 (permitting departure for certain aggravating or mitigating circumstances that should result in different sentence); United States v. Grandmaison, 77 F.3d 555, 560-61 (1st Cir. 1996) (applying U.S.S.G. § 5K2.0 to defendant's aberrant behavior).  The district court rejected these contentions and sentenced Michaud to 177 months' imprisonment: 57 months on Counts One, Three, Four and Five, to be served concurrently, plus a consecutive sentence of 120 months on Count Two.  This appeal followed.

## II.  DISCUSSION

First, Michaud challenges the ten-year consecutive sentence imposed on Count Two, renewing his argument that the

---

[1]The weapons possession charges arose from Michaud's use of the sawed-off shotgun during the robbery as well as from additional weapons discovered in his home in a subsequent search.

weapon he used during the robbery did not meet the statutory definition of a short-barreled shotgun.  18 U.S.C. § 921(a)(6). We review this question of statutory interpretation de novo. United States v. Rostoff, 164 F.3d 63, 66 (1st Cir. 1999).

18 U.S.C. § 924(c)(1)(B)(i) mandates a ten-year sentence for the use or carrying of a short-barreled shotgun during a crime of violence.[2]  The statute defines a "shotgun" as:

> a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to force through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.

Id. § 921(a)(5).  As used in section 924(c)(1)(B)(i), the statute defines a "short-barreled shotgun" as:

> a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification or otherwise) if such a weapon as modified has an overall length of less than twenty-six inches.

Id. § 921(a)(6).

It is uncontested that the weapon Michaud used during the robbery was a sawed-off shotgun with a barrel measuring

---

[2]Congress considered criminals' use of short-barreled shotguns worthy of enhanced punishment because it is particularly dangerous: shot scatters more widely from a short barrel, thus killing indiscriminately, and a shortened shotgun is easier to conceal and wield.  United States v. Hall, 972 F.2d 67, 70 (4th Cir. 1992).

twelve and one-quarter inches long and an overall length of twenty-seven and one-quarter inches. When recovered by the police, it was fully operational and test-fired normally.

At the sentencing hearing, after argument from the prosecution and Michaud, the district court ruled:

> I'm satisfied that Subsection (6) of Subsection (a) of Section 921 gives two alternative definitions, and that the weapon here qualifies under the first alternative; namely, it is a shotgun, having one or more barrels less than 18 inches in length. And that that alone satisfies the definition of the statute. The fact that it obtained its shorter length by modification does not prevent it from qualifying under that part of the definition, and I'm satisfied that the [Fourth] Circuit decision in Hall says nothing different, that in fact it supports the conclusion I'm reaching.

Michaud contends that the two measurement requirements contained at section 921(a)(6) should be read conjunctively due to the use of the word "and" instead of "or." Under this theory, a weapon must have a barrel length of less than eighteen inches and an overall length of less than twenty-six inches to be a short-barreled shotgun. Because Michaud's sawed-off shotgun satisfied only the barrel length requirement, he argues, section 924(c)(1)(B)(i) cannot apply.

We disagree, and conclude that the district court's reading of the statute was correct. The plain language of 18 U.S.C. § 921(a)(6) includes within its definition of a

-6-

short-barreled shotgun two categories of weapon: a shotgun with a barrel of less than eighteen inches in length, <u>and</u> any weapon made from a shotgun that has an overall length of less than twenty-six inches. <u>United States</u> v. <u>Hall</u>, 972 F.2d 67, 70 (4th Cir. 1992). Because Michaud's shotgun satisfied the first requirement, it is covered by the statute; it makes no difference that it did not additionally fall into the second category of weapons, i.e., those having an overall length of less than twenty-six inches. <u>See</u> <u>id.</u>; <u>United States</u> v. <u>Bandy</u>, 239 F.3d 802, 806 (6th Cir. 2001) ("A barrel length of less than 18 inches brings the shotgun within the proscription of [section 921(a)(6)], regardless of the total length of the weapon.")

As the Fourth Circuit pointed out, the construction of section 921(a)(6) supports this conclusion.

> [If] Congress intended to punish the use of only one, narrow subset of modified shotguns--those with a barrel length of less than eighteen inches and an overall length of less than twenty-six inches--Congress would have had absolutely no reason to insert into the provision the second subject category. Congress simply could have declared that: "short barreled shotgun means a shotgun having one or more barrels less than eighteen inches in length and an overall length of less than twenty-six inches." Because Congress chose not to structure the statute in this way, it is evident on the face of the statute that it is intended to proscribe the use of both shotguns with a barrel length of less than eighteen inches and other weapons made from

-7-

shotguns with an overall length of less than twenty-six inches.

Hall, 972 F.2d at 70.

This interpretation is further buttressed by the definition of a shotgun contained at section 921(a)(5). It expressly includes weapons "designed or redesigned and made or remade." Hence, section 921(a)(6)'s definition of a short-barreled shotgun as "a shotgun having one or more barrels of less than eighteen inches in length" includes sawed-off shotguns as well as unmodified shotguns.[3]

Additionally, Michaud contends that the district court erred in declining to award a downward departure on the ground that his criminal conduct was "aberrant behavior." The court of appeals has no jurisdiction, however, to review a district court's decision not to depart downward unless the district court misunderstood its authority to do so. United States v. Orlando-Figueroa, 229 F.3d 33, 49 (1st Cir. 2000). Michaud does not contend, and the record does not reflect, any such misunderstanding on the part of the district court.

---

[3]The government also contends that the legislative history of section 921(a)(6) supports the disjunctive reading of the language at issue. Because we conclude that the plain language of the provision makes clear that a shotgun need only satisfy one of the length requirements, we need not consider the legislative history. See Telematics Int'l, Inc. v. NEMLC Leasing Corp., 967 F.2d 703, 706 (1st Cir. 1992).

Accordingly, we may not review the district court's rejection of Michaud's aberrant behavior argument.

**<u>Affirmed</u>**.