Marc **ROBERTS,** Appellant,

v.

**THE UNITED STATES of America,** Appellee.

No. CRIM RWT 04–076.

United States District Court, D. Maryland.

Oct. 31, 2005.

Kelli Colleen McTaggart, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, for Appellant.

Hollis Raphael Weisman, Office of the US Attorney, Jane F. Nathan, Office of the US Attorney, Greenbelt, MD, for Appellee.

## MEMORANDUM OPINION

TITUS, District Judge.

On November 10, 2003, after a motions hearing and trial before Magistrate Judge Thomas M. DiGirolamo, appellant Marc Roberts was convicted of possession of a controlled substance in violation of 36 C.F.R. § 2.35(b)(2), possession of an open container of alcohol in a vehicle in violation of 36 C.F.R. § 4.14, and possession of a weapon in violation of 36 C.F.R. § 2.4. On February 4, 2004, Roberts was sentenced to one year of probation for each charge (to run concurrently) and a total fine of $270.00. Pursuant to 18 U.S.C. § 3402, Roberts now appeals his conviction. No hearing is deemed necessary. Local R. 302.

### I. Background

On May 18, 2003, at approximately 3:30 a.m., the United States Park Police received a call from a citizen about a possible drunk driver on the Baltimore–Washington Parkway. The caller described the vehicle as a gold Dodge with license plate LDB642. Eventually, Sergeant Lawrence J. McNally observed the vehicle stopped on the shoulder of the parkway and pulled in behind it. McNally relayed the information about the vehicle over his radio and approached the driver's side of the vehicle. He observed a woman in the driver's seat and Roberts in the passenger seat. McNally ordered the woman out of the vehicle to perform field sobriety tests from which he concluded that she was not intoxicated. The woman subsequently told McNally that Roberts had been driving earlier but that he had stopped to urinate on the side of the road and switched seats with her. She was preparing to take over the driving as the police arrived. The car was Roberts' rental car.

McNally then asked Roberts to get out of the vehicle to investigate him for a possible charge of driving under the influence. McNally observed Roberts waving some sort of badge which he suspected was a bail bondsman badge. McNally's suspicion was confirmed when Roberts told him that he was a bail bondsman. McNally determined that Roberts was not intoxicated and returned his identification to him.

McNally then requested permission to search the car to ensure there were no open alcohol containers in it and, upon allegedly receiving permission, conducted a search of the passenger compartment of the vehicle. During the search, he opened the passenger side door of Robert's vehicle and noticed, in plain view, a plastic baggie that contained marijuana. McNally also found in the center console a partly full bottle of Bacardi rum. McNally then examined the trunk of the vehicle, where he found a loaded 9 mm semiautomatic handgun and a loaded shotgun with a pistol grip. Both weapons were later found to be registered to Roberts, who had a license to carry the weapons. Officer Ernest Patrick, another officer on the scene, issued Roberts a Violation Notice for the offenses of which he ultimately was convicted.

Prior to his trial, Roberts moved to suppress physical evidence on the ground that no probable cause existed to search the vehicle or its trunk. On November 10, 2003, just prior to the trial in this case, the magistrate judge conducted a hearing on the suppression motion, during which McNally, Patrick, and Roberts testified.

McNally testified that he requested permission to perform a consent search of the vehicle because he saw a cup in the center console of the vehicle, there had been reports of drinking in the vehicle, and his past history with bail bondsmen on the parkway made him suspicious that weapons might be in the vehicle. McNally testified that Roberts gave him permission to search the vehicle. Roberts denied that he had given his consent. Roberts attempted to elicit testimony from Patrick that Roberts had expressed displeasure over his vehicle being searched, but the Government objected to this statement as hearsay. The magistrate judge sustained the objection on the basis that the statement was a self-serving one that did not qualify under any exception to the hearsay rule. The magistrate judge determined, as a factual matter, that McNally had requested Roberts' permission to search the vehicle and that Roberts had consented to the search. Ultimately, he denied the motion to suppress.

At trial, counsel for Roberts argued that since Roberts is a licensed private detective and bail bondsman, he is qualified as a law enforcement officer to carry a weapon on federal land pursuant to 36 C.F.R. § 2.4(e). The magistrate judge, using a common-sense definition and comprehensive understanding of the term law enforcement officer, determined that Roberts was not a law enforcement officer and found him guilty of violating 36 C.F.R. § 2.4. Roberts was also found guilty of possession of a controlled substance, in violation of 36 C.F.R. § 2.35(b)(2), and possession of an open container of alcohol in a vehicle, in violation of 36 C.F.R. § 4.14.

## II. Discussion

The standard of review for an appeal from a decision of a magistrate judge is the same as that from a district court to the court of appeals. Fed.R.Crim.P. 58(g)(2)(D). Accordingly, this Court reviews the magistrate judge's legal conclusions de novo and factual findings under a clearly erroneous standard. *United States v. Rusher,* 966 F.2d 868, 873 (4th Cir.1992); *United States v. Gwinn,* 219 F.3d 326, 331 (4th Cir.2000). All evidentiary rulings made by a magistrate judge, including the admissibility of hearsay testimony, are reviewed for abuse of discretion. *See O'Neill v. Windshire–Copeland Assocs.,* 372 F.3d 281, 284 (4th Cir.2004).

In this appeal, Roberts argues that the magistrate judge erred when he (1) excluded as hearsay questioning of Patrick concerning Roberts' alleged expression of displeasure at having his vehicle searched; (2) ruled that the search of the trunk of Roberts' vehicle was lawful; and (3) concluded that Roberts is not a law enforcement officer under the meaning of 36 C.F.R. § 2.4(e). This Court now considers each argument in turn.

### A. Hearsay

During the hearing on Roberts' motion to suppress, the magistrate judge ruled that Patrick could not be questioned as to whether Roberts complained about the search of his vehicle because Roberts' statement was hearsay. The magistrate judge determined that the "statement against interest" exception to the hearsay rules did not apply because it was in Roberts' interest to say that he was not happy about giving his consent. This Court reviews evidentiary determinations of a magistrate judge for abuse of discretion. *O'Neill,* 372 F.3d at 284.

Roberts relies on the Supreme Court's decision in *United States v. Matlock,* 415 U.S. 164, 172–73, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), to argue that the magistrate judge abused his discretion in excluding Roberts' statement. In *Matlock,* the Supreme Court held that "the rules of evidence normally applicable in criminal trials do not operate with full force at hearings

before the judge to determine the admissibility of evidence," so a judge is empowered to hear "any relevant evidence, such as ... reliable hearsay." *Id.* at 172–73, 175 n. 12, 94 S.Ct. 988. Thus, Roberts argues, the magistrate should have been more flexible in his evidentiary ruling and should have admitted Roberts' statement.

In *Matlock*, the defendant's common law wife made an out-of-court statement to the police that she had given her consent to search the bedroom that she shared with the defendant. *Id.* at 172, 94 S.Ct. 988. The Court observed that the statement was hearsay, but held that it should nonetheless have been admitted into evidence because it had substantial guarantees of trustworthiness. *Id.* at 175, 94 S.Ct. 988. In particular, the Court noted that the trial court had been satisfied that the statement had been made, and that because of the other evidence in the record and the declarant's lack of hostility or bias, there was no reason to call into question the statement's truthfulness. *Id.* The Court also noted that, while not meeting the "declarant unavailable" requirement of the then-proposed "statement against interest" Rule 804(b)(3) of the Federal Rules of Evidence, the statement was also likely to be true because it was an admission of "cohabitation out of wedlock" and was thus against the declarant's penal interest. *Id.* at 176, 94 S.Ct. 988.

■ Here, however, Roberts' statement lacks any of these indicia of reliability. His statement was clearly in his own interest because he would want the Court and the police to believe that he had not

given his consent to search the vehicle; as the magistrate judge noted, it was "self-serving." Tr. at 53. Moreover, Roberts' statement was not corroborated by any additional evidence to guarantee its trustworthiness, but rather was directly disputed by McNally. Thus, *Matlock* is distinguishable, and the magistrate judge's conclusion that Roberts' statement to Patrick was inadmissible hearsay— even under the more flexible standards applied in a suppression hearing—was not an abuse of discretion.

### B. Probable Cause

■ Roberts next argues that McNally's search of the trunk of his vehicle was invalid under the Fourth and Fourteenth Amendments of the United States Constitution because even if Roberts did consent to a search, the scope of the search to which he consented did not extend to the trunk.[1] The government does not dispute this. *See* Appellee's Br. at 6. Rather, the government argues that the search of the trunk was based upon probable cause, under the automobile exception to the warrant requirement, *see Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), once Sgt. McNally found contraband in the passenger compartment. The conclusion of the magistrate judge that probable cause existed to search the trunk is an issue of law that this Court reviews de novo. *Rusher,* 966 F.2d at 873. This Court agrees with the magistrate judge that probable cause existed.

---

1.  Roberts argues, as discussed above, that the magistrate judge improperly excluded evidence that he had not consented to any search, but he does not argue on appeal that the magistrate erred in concluding, on the basis of the evidence that he *did* admit, that Roberts had consented. The magistrate's conclusion was a factual finding based on his credibility judgments as to McNally and Rob- erts, and this Court would review such a finding for clear error. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). In light of McNally's testimony that Roberts consented, this Court would have no reason to disturb the magistrate's finding even if it had been challenged.

Roberts argues that under *United States v. Carter*, 300 F.3d 415, 422 (4th Cir.2002), McNally needed probable cause to search the trunk of the car specifically. Roberts is correct that in *Carter*, the Fourth Circuit stated that "[t]he police may ... conduct warrantless searches of 'closed containers' within an automobile, but only if they have probable cause to believe the closed container may contain contraband," and held that the locked trunk of a car was such a closed container. 300 F.3d at 422. However, in the instant case, unlike in *Carter*, the police actually found contraband inside the passenger compartment of Roberts' vehicle: a half-empty, open bottle of Bacardi rum and a bag of marijuana. Appellant's Br. At 4.

When police officers find contraband within a vehicle, this gives them probable cause to suspect additional contraband hidden in compartments within the vehicle and therefore entitles them to search the trunk of the vehicle without a warrant. For example, in *United States v. Parker*, the Tenth Circuit held that although "[t]he odor of marijuana in the passenger compartment of a vehicle does not ..., standing alone, establish probable cause to search the trunk of the vehicle ..., an officer obtains probable cause to search the trunk of a vehicle once he smells marijuana in the passenger compartment and finds corroborating evidence of contraband." 72 F.3d 1444, 1450 (10th Cir.1995); *see also United States v. McGuire*, 957 F.2d 310, 314 (7th Cir.1992) (holding that an open container of alcohol in the passenger compartment gave police probable cause to search every part of the vehicle, including the trunk).

The test for probable cause in this case is whether, under the totality of the circumstances, there is a "fair probability"

that the trunk contains contraband. *See Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Once an officer finds contraband in the passenger compartment, the probability that there is more contraband increases dramatically. Thus, McNally had probable cause to extend the consensual search of the passenger compartment of the vehicle to the trunk.

### C. The Definition of "Law Enforcement Officer"

Roberts also appeals his conviction for possessing a firearm on National Park Service land under 36 C.F.R. § 2.4. Under that regulation, "[a]uthorized Federal, State and local law enforcement officers may carry firearms in the performance of their official duties." *Id.* § 2.4(e). Roberts argues that the magistrate judge erred in holding that bail bondsmen such as Roberts are not law enforcement officers.[2] The issue of whether Roberts is considered a law enforcement officer is a matter of law and is reviewed by this court de novo. *See Gwinn*, 219 F.3d at 331.

The regulation in question does not define the term law enforcement officer. 36 C.F.R. § 1.4 (definitions section). Roberts argues that to the extent that the definition of "law enforcement officer" is unascertainable, the Rule of Lenity would dictate a finding in his favor. *United States v. Groce*, 398 F.3d 679, 681–82 (4th Cir.2005); *United States v. Hall*, 972 F.2d 67, 69 (4th Cir.1992). The Rule of Lenity states that "any criminal statute ... must be construed in favor of the accused and against the government if it is ambiguous." *Hall*, 972 F.2d at 69. The Fourth Circuit has made clear that the Rule is not applicable unless there is a "grievous ambiguity

---

**2.** Because he concluded that Roberts was not a "law enforcement officer," the magistrate judge did not reach—and for the same reason this Court does not reach—the question of whether he was "in the performance of [his] official duties." Tr. at 120.

or uncertainty in the language and structure of the Act" and that all efforts to ascertain a definition for the ambiguity in question have been exhausted. *Id.* Here, there is no ambiguity, much less a "grievous" one; rather, "law enforcement officer" is simply a term not defined by the statute. Thus, the Rule of Lenity is not applicable here.

In the absence of a definition in the regulation, this Court looks to the legal definition of the term law enforcement officer and the common sense interpretation of a law enforcement officer's duties in the state of Maryland. *See McMillian v. Monroe County, Alabama,* 520 U.S. 781, 786, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997). A legal definition of a law enforcement officer is "a person whose duty is to enforce the laws and preserve the peace." Black's Law Dictionary (8th ed.2004). As a practical matter, law enforcement officers can initiate traffic stops and make arrests. They are also considered state actors subject to the restrictions of the Fourth Amendment. *See generally Maryland v. Collins,* 367 Md. 700, 790 A.2d 660 (2002). Although Maryland has recognized that bail bondsmen have broad powers, it is clear that they are not subject to the same Fourth Amendment search and seizure restrictions as law enforcement officers, nor do they have arrest powers. *Collins,* 790 A.2d at 665; *Shifflett v. State of Maryland,* 80 Md.App. 151, 560 A.2d 587, 590–591 (1988). Moreover, bail bondsmen are not considered state actors unless they are working in concert with law enforcement officers. *Collins,* 790 A.2d at 664–65; *Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

■ Roberts was not working in concert with any law enforcement officers on the evening in question. Furthermore, Roberts is not subject to the restrictions of the Fourth Amendment in the performance of his duties as a bail bondsman, nor can he independently effectuate an arrest. Because bail bondsmen do not share these necessary characteristics with law enforcement officers, Roberts cannot be considered one under the meaning of 36 C.F.R. § 2.4(e).

### III. Conclusion

For the foregoing reasons, Roberts' conviction will, by separate Order, be affirmed on all counts.